# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE CROSS #511714** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3463** |
| **STATE OF LOUISIANA** | **SECTION "B" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED AS MOOT**.

On June 19, 2006, petitioner, DWAYNE CROSS, a state prisoner, was convicted via guilty plea, of distribution of cocaine, a violation of LSA-R.S. 40:967A. Cross was sentenced to a term of five years at hard labor, 3 years suspended with the remaining 2 years to be served without benefit of parole, probation or suspension of sentence. The state agreed not to multiple bill Cross if he reported to Jefferson Parish Correctional Center (J.P.C.C.) and also waived the right to withdraw his plea. Cross failed to report to J.P.C.C. The State subsequently filed a multiple offender bill, charging the petitioner as a second offender based

upon a prior Colorado conviction. The petitioner pled guilty to the multiple bill and was sentenced to a term of 20 years as a second offender.[1] Petitioner's conviction and sentence were affirmed on appeal.[2] Petitioner subsequently sought post-conviction releif in the state courts, culminating with the Louisiana Supreme Court's denial of relief on procedural grounds on March 27, 2009.[3]

On or about May 4th, 2009, Cross filed his federal habeas petition with this court, therein claiming that his attorney was ineffective in his representation during petitioner's multiple bill proceeding.[4] Petitioner claims that had his attorney adequately investigated, he would have discovered that the ten year cleansing period had expired between his earlier (predicate) conviction and the 2006 conviction for distribution of cocaine.[5] Based upon this claim, petitioner asserts that his sentencing as a second felony offender is illegal and unconstitutional.

On or about July 28, 2009, during the pendency of the instant action, petitioner's counsel filed a Motion to Correct Illegal Sentence Pursuant to Article 822 in the 24th Judicial District Court, Parish of Jefferson, Louisiana.[6] Therein, counsel argued that Cross's discharge

---

[1] See State Rec. Vol. 1, minute entry dated 7/28/06.

[2] *State v. Cross*, 958 So.2d 28 (La. App. 5th Cir., April 11, 2007).

[3] *State v. Cross*, 5 So.3d 131 (La., March 27, 2009).

[4] See Fed. Rec. Doc. 1.

[5] See Petition, Fed. Rec. Doc. 1 at pp. 3-5.

[6] See Rec. Doc. 10, Exhibit 1, "Respondent's Supplemental Response in Opposition to Granting Writ of Habeas Corpus".

from supervision on the Colorado (predicate) conviction was August 24, 1995 and that, therefore, more than ten years had passed before Cross was charged with the March 24, 2006 offense of distribution of cocaine. Counsel therefore moved for the multiple bill sentence of twenty years to be vacated and for the original sentence of five years to be restored. On December 18, 2009, the state district judge, the Honorable Patrick J. McCabe, vacated and set aside Cross's guilty plea and sentence on the multiple bill and re-sentenced him to a term of five years, with the first two years being without benefit of parole, probation or suspension of sentence, with credit for all time served.[7] On January 7, 2010, the respondent filed a Supplemental Response with this court, therein asserting that the state court's action has rendered the instant habeas action moot.

## Mootness

As explained above, petitioner Dwayne Cross has been provided with the relief he seeks in his federal habeas petition as his sentencing as a multiple offender has been vacated. Thus, there is no case-or controversy present, as required under Article III, Section 2, of the Constitution. "Article II . . . limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 528, 98 L.Ed.2d 525 (1988). "Federal courts may not 'give opinions upon moot questions or abstract propositions.' " *Calderon v. Moore*, 518 U.S. 149, 150, 116 S.Ct. 2066, 2067, 135 L.Ed.2d 453 (1996)(per curiam). "This case-or-controversy requirement subsists through all

---

[7] See Exhibit 2 attached to Rec. Doc. 10 for a copy of the state district judge's order.

stages of federal judicial proceedings, trial and appellate. .....the parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990)(citations omitted). *See also, Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)(injury must be "likely to be redressed by a favorable judicial decision."), *White v. Ollison,* 592 F. Supp. 2d 1227 (C.D. Cal., 2008)(challenge to sentencing enhancement rendered moot when enhancement was struck down on appeal), *citing Caswell v. Calderon,* 363 F.3d 832, 837 (9th Cir. 2004).[8]

Accordingly;

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for issuance of writ of habeas corpus be **DISMISSED WITH PREJUDICE AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United*

---

[8]Since Cross has never challenged the legality of his conviction and/or original sentence and since he is now fully released from the multiple offender sentence of twenty years, the court is unaware of any collateral consequences which petitioner will suffer sufficient to defeat the mootness of this action. *See Spencer*, 523 U.S. at 13, 118 S.Ct. at 986.

4

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this 11th day of January, 2010.

                                                  *[signature]*
                                                  LOUIS MOORE, JR.
                                                  UNITED STATES MAGISTRATE JUDGE

---

[9][8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.